Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| COMMERCIAL EQUIPMENT FINANCE, INC.<br><br>Apelada<br><br>v.<br><br>PERFILES DE ALUMINIO, INC. Y OTROS<br><br>Apelante | KLAN202401134 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV00401 (CIVIL 401)<br><br>Sobre: COBRO DE DINERO – ORDINARIO Y OTROS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera[1]

Grana Martínez, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2025.

La parte apelante compuesta por Perfiles De Aluminio Inc., Samuel García Adarme, Ivette Vázquez Delgado y su Sociedad Legal de Gananciales, en adelante Perfiles, solicita que revoquemos la Sentencia en rebeldía que el Tribunal de Primera Instancia dictó en su contra. De otra parte, la apelada Commercial Equipment Finance Inc., en adelante Commercial, presentó su oposición al recurso.

**I**

Los hechos procesales pertinentes para atender y resolver este recurso son los siguientes. Commercial presentó una demanda de cobro de dinero y reposesión de garantía contra la parte apelante. La representación legal de Perfiles pidió prórroga para contestar la demanda, debido a su interés de finiquitar la controversia extrajudicialmente. Además, informó que solicitó a la apelada el

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.

balance de cancelación de la deuda.[2] Por su parte, Commercial informó que la codemandada dejó de colaborar con las negociaciones y le solicitó al tribunal que le ordenara expresarse al respecto.[3] Posteriormente, pidió la anotación de rebeldía de la apelante y sentencia a su favor. La solicitud estuvo acompañada de los contratos otorgados entre las partes, la Declaración de Financiamiento, y una Declaración Jurada.[4] El 31 de julio de 2024, el Tribunal de Primera Instancia (TPI) concedió 20 días a la apelante para finalizar los trámites transaccionales. Ese mismo día anotó la rebeldía a Perfiles.[5]

La representación legal de la apelante presentó *Urgente moción solicitando se deje sin efecto rebeldía y contestación a demanda* y pidió que se dejara sin efecto la anotación de rebeldía. El abogado adujo que había solicitado el historial de pago y no se le había provisto. Alegó que había estado negociando de buena fe y hasta un pago había hecho. Arguyó que estaba solicitando un financiamiento para pagar el equipo y que había hecho una oferta a la apelada que rondaba por los $400 mil.[6] Por su parte, la apelada se opuso a que se levantara la rebeldía de la apelante y reiteró la solicitud de sentencia. Sostuvo que Perfiles lo que buscaba, realmente, era dilatar los procedimientos.[7]

El TPI ordenó a la apelante a expresar por qué incumplió con el término establecido en las reglas y advirtió que ejercería su discreción para determinar si procedía levantar la rebeldía. El abogado de la apelante solicitó una prórroga, debido a compromisos previos y a la necesidad de consultar con sus representados.

---

[2] Véase Urgente moción asumiendo representación legal y solicitando término para hacer contestación responsiva presentada por la apelante, entrada número 4 del Sistema Unificado de Administración y Manejo de Casos (SUMAC).

[3] Véase Solicitud de orden dirigida a parte demandada, página 93 del apéndice.

[4] Véase Solicitud de Anotación de Rebeldía y Sentencia, entrada número 9 SUMAC.

[5] Véanse entradas número 10 y 11 de SUMAC.

[6] Véase entrada número 12 de SUMAC.

[7] Véase entrada número 13 de SUMAC.

Posteriormente, presentó *Moción en cumplimiento de orden*, en la que alegó que la apelada le hizo pensar que no iba a solicitar la anotación de rebeldía de la apelante. Además, atribuyó el incumplimiento a las demoras conocidas en los procesos de financiamiento y a que solicitó a la apelada un desglose de la deuda. Alegó que no se le advirtió por el foro la posible anotación de rebeldía.[8]

El TPI no dio crédito a sus alegaciones y se negó a levantar la rebeldía. El foro apelado expresó que no tenía que advertir a la apelante la anotación de rebeldía. El TPI concluyó que la cantidad adeudada constaba en la demanda y que la apelada acreditó que envió un correo electrónico a la apelante con el desglose e historial de los pagos. No obstante, advirtió que el hecho de que la apelante no recibiera el desglose no justificaba su incumplimiento. Por último, concedió un término a las partes para finiquitar las conversaciones transaccionales.[9]

La apelada reiteró la solicitud de sentencia e informó que la apelante le ofreció una cantidad menor a la adeudada en una especie de pago en finiquito, pero sujeto a la aprobación de financiamiento por un tercero. Sostuvo que el ofrecimiento de la parte apelante no podía considerarse como una oferta de buena fe, considerando que ésta no contaba con el dinero disponible y para colmo ofrecía un número menor a la deuda total. Reiteró la solicitud de que se emitiera sentencia a su favor.[10]

El TPI dictó sentencia en rebeldía contra la apelante y dio por admitidas todas las aseveraciones bien hechas en la demanda. El foro apelado concluyó que la prueba documental anejada demostró que la apelante incumplió con el contrato de préstamo y que la deuda era líquida y exigible. Dicho foro declaró ha lugar la demanda,

---

[8] Véase entrada número 13 de SUMAC.
[9] Véase Resolución de 27 de agosto de 2024, entrada número 18 SUMAC.
[10] Véase entrada número 19 de SUMAC.

ordenó a la apelante el pago solidario de la deuda, los intereses acumulados, las costas y honorarios de abogado.[11]

Así las cosas, el 3 de octubre de 2024 el abogado de la apelante solicitó el relevo de su representación legal e informó las direcciones conocidas de su cliente. Relevo que fue concedido por el foro. El 10 de octubre de 2024 el licenciado Fernando J. Gierbolini solicitó permiso al foro para asumir la representación legal de los apelantes. Al otro día, la apelante pidió reconsideración, atribuyó su incomparecencia a la inacción y negligencia de su abogado anterior y alegó que tenía defensas afirmativas que no pudo presentar. Según la apelante su abogado nunca le comunicó la rebeldía, no le envió la contestación a la demanda, no justificó su incumplimiento y finalmente, no le notificó la sentencia en rebeldía. Así argumentó que la negligencia de su abogado era justa causa para levantar la rebeldía y dejar sin efecto la sentencia.[12] El 15 de octubre de 2024 el TPI declaró la reconsideración no ha lugar.[13] Ese mismo día, en contradicción con la determinación anterior, le concedió 15 días a Commercial para expresarse en cuanto a la reconsideración.[14] Señalada la contradicción de los dictámenes por Perfiles, el foro primario dejó sin efecto el rechazo de la reconsideración, manteniendo vigente el término para que Commercial se expresara sobre la misma.

La apelada se opuso porque (1) el tribunal concedió múltiples oportunidades a la apelante para comparecer, (2) la apelante no acompañó evidencia para sustentar sus alegaciones, (3) las alegaciones de la apelante sobre conversaciones transaccionales eran para dilatar los procedimientos, (4) a la apelante se le remitió el historial de pagos, (5) la apelante admitió el incumplimiento (6)

---

[11] Véase entrada número 21 de SUMAC.
[12] Véase entrada número 26 de SUMAC.
[13] Véase entrada número 26 de SUMAC.
[14] Véase entrada número 30 de SUMAC.

la jurisprudencia citada no aplica al caso y 7) cuando se anotó la rebeldía el tribunal advirtió en una nota al pie de la página que era final y firme.[15] La apelante replicó a la oposición a la reconsideración y acompañó una declaración jurada. El 18 de noviembre de 2024 TPI declaró NO HA LUGAR la reconsideración.

Inconforme, la apelante presentó este recurso en el que alega que:

**ERRÓ EL TPI AL DICTAR SENTENCIA EN REBELDÍA SIN TOMAR EN CONSIDERACIÓN QUE LA CONDUCTA DEL ENTONCES REPRESENTANTE LEGAL DE PDA FUE LA ÚNICA CAUSA ATRIBUIBLE PARA EL INCUMPLIMIENTO CON LOS TÉRMINOS Y ÓRDENES DEL TPI.**

## II

El tribunal podrá anotar la rebeldía a una parte que no contesta la demanda o no se defiende como las leyes y las reglas estipulan. La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, es la fuente legal para la anotación de rebeldía. El segundo párrafo autoriza al tribunal a anotar la rebeldía como sanción. El foro primario debe declarar incurso en rebeldía a la parte demandada que se niega a cooperar con el descubrimiento de prueba o la parte que incumple una orden del tribunal. Tan pronto se declara la rebeldía, se dan por admitido todos los hechos bien alegados en la demanda o en la alegación contra el rebelde. *Mitsubishi Motor v Lunor y Otros,* 212 DPR 807, 823-825 (2023*).*

La anotación de rebeldía podrá ser a iniciativa propia del tribunal o a solicitud de parte. El propósito de la anotación de rebeldía es disuadir a quienes recurren a la dilación de los procedimientos como una estrategia de litigación. La anotación de rebeldía opera como remedio coercitivo contra la parte adversaria que tuvo oportunidad de refutar la reclamación y no se defendió debido a su pasividad o temeridad. La causa de acción podrá continuar dilucidándose sin la participación del demandado.

---

[15] Véase entrada número 34 de SUMAC.

*González Pagán v SLG Moret Brunet,* 202 DPR 1062, 1068-1069 (2019).

No obstante, el tribunal tiene que evaluar si las alegaciones contienen los elementos de la causa de acción y ameritan el remedio solicitado. M*itsubishi Motor v Lunor y Otros, supra,* pág. 825. Las mociones de prórroga y asumiendo representación legal no evitan la anotación de rebeldía, porque para que tengan ese efecto tiene que surgir la intención de defenderse. *Bco. Popular v Andino Solís,* 192 DPR 172, 180 (2015). La Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que la parte que no comparece al pleito, a pesar de haber sido debidamente emplazada, no tiene que ser notificada de todos los escritos presentados con posterioridad a la demanda original, ni las órdenes del tribunal. No obstante, siempre habrá que notificar toda alegación en que se soliciten remedios nuevos o adicionales. *González Pagán v SLG Moret Brunet, supra,* págs. 1068-1069. La parte contra la que se solicita sentencia en rebeldía que compareció al pleito, será notificada del señalamiento de cualquier vista y de todas las notificaciones correspondientes. *Bco. Popular v Andino Solís, supra,* pág. 180. A esta le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la demandante, impugnar la cuantía y apelar la sentencia. M*itsubishi Motor v Lunor y Otros, supra,* págs. 825-826.

La anotación de rebeldía precede al señalamiento de vista en cuestión. El tribunal antes de calendarizar la vista deberá evaluar si la demanda no contiene alegaciones concluyentes, si los hechos materiales están bien alegados y si procede como cuestión de derecho. Un trámite en rebeldía no garantiza per se una sentencia favorable al demandante. M*itsubishi Motor v Lunor y Otros, supra,* pág. 831. El tribunal solo podrá dictar sentencia en rebeldía, si concluye que procede la concesión del remedio solicitado. *González Pagán v SLG Moret Brunet, supra,* pág. 1069. De igual manera, los

daños generales, las sumas no líquidas reclamadas y la cuantía de los daños deben ser objeto de prueba. El tribunal debe celebrar las vistas evidenciarias necesarias y adecuadas para que el demandante sustente sus alegaciones y pruebe los daños alegados. *Vizcarrondo Morales v MVM,* 174 DPR 921, 937 (2008).

La rebeldía es un mecanismo procesal discrecional disponible para el foro de instancia. Sin embargo, esa discreción no se sostiene ante el ejercicio burdo de lo injusto. El tribunal anotará y dictará sentencia en rebeldía dentro del marco de lo justo. La ausencia de justicia significa un abuso de discreción. La facultad del foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, también se enmarca en la existencia de justa causa. Esta regla debe interpretarse liberalmente. Cualquier duda debe resolverse a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. ambos casos. La parte que solicita que se deje sin efecto la rebeldía, tendrá que (1) evidenciar circunstancias que para el tribunal demuestren justa causa para la dilación o probar una buena defensa en sus méritos y que (2) el grado de perjuicio para la otra parte es razonablemente mínimo. *Rivera Figueroa v Joe European Shop, supra,* 183 DPR 580, 590-593 (2011).

El Tribunal Supremo de Puerto Rico resolvió que la parte demandada a la que se le han eliminado todas las alegaciones también será declarada en rebeldía. Los procedimientos en su contra continuarán de acuerdo con las disposiciones, efectos y la jurisprudencia sobre la rebeldía. La desestimación de la demanda, la eliminación de las alegaciones y la rebeldía son los castigos más severos contra la parte que no obedece una orden de descubrimiento de prueba. El tribunal no puede imponer sanciones tan severas, sin cumplir el orden de prelación establecido en la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V. Por esa razón tiene que (1)

apercibir de la situación a la representación legal de la parte y concederle oportunidad de responder, (2) si el representante legal no responde al apercibimiento, tiene que imponer sanciones en su contra, (3) notificar el asunto directamente a la parte para que cumpla dentro de un término razonable que, salvo que las circunstancias lo justifiquen, no será mayor de treinta días (4) la notificación deberá advertir a la parte las consecuencias de su incumplimiento. El tribunal debe balancear los intereses involucrados como la necesidad de supervisar su calendario, el interés público en la resolución expedita de los casos y más importante el riesgo de perjuicio que le causa a la demandada la dilación. La falta de perjuicio hace irrazonable el archivo. La parte que no tomó acción correctiva no podrá querellarse ante ningún foro que fue despojada injustificadamente de su causa de acción y defensas. *Mitsubishi Motor v Lunor y Otros, supra,* págs. 818-820, *Mun. de Arecibo v Almac. Yakima,* 154 DPR 217, 222-223 (2001).

La desestimación y la eliminación de las alegaciones no procederán, sin antes apercibir directamente a la parte sobre los incumplimientos de su representación legal y sus consecuencias. Un caso no puede desestimarse y las alegaciones no pueden eliminarse por un primer incumplimiento, porque sería contrario a la política judicial de que los casos se vean en los méritos. El tribunal tiene que notificar primero al abogado de su incumplimiento. Si el incumplimiento de la representación legal persiste, deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias. Únicamente, podrá imponer la severa sanción de la desestimación o la eliminación de las alegaciones, luego de que la parte conozca el trámite procesal de la causa de acción. La notificación adecuada es un componente medular de la administración de la justicia. A través de la notificación, las partes tienen oportunidad de conocer realmente la determinación tomada.

Igualmente, otorga a las partes cuyos derechos pudieran verse trasgredidos una mayor oportunidad de determinar si ejercen los remedios que le han sido concedidos por ley. *HRS Erase v CMT,* 205 DPR 689, 702, 709 (2020).

**III**

La parte apelante responsabiliza a su representación legal por el incumplimiento. Perfiles alega que desconocía que su primer abogado abandonó sus funciones y no contestó la demanda, ni presentó las defensas afirmativas a su favor.

La apelada alega que la apelante no estaba ajena a los procedimientos, omitió las notificaciones en las que el tribunal le advirtió directamente sobre su incumplimiento y que su representación legal notificó directamente a sus direcciones conocidas.

Perfiles tiene razón. Aunque, el demandado emplazado que no ha comparecido al pleito no tiene que ser notificado de toda alegación subsiguiente a la demanda original, eso no exime al tribunal de cumplir con el orden de prelación adoptado en *Mun. de Arecibo v Almac. Yakima, supra,* y ratificado en *Mitsubishi Motor v Lunor y Otros, supra.* Los tribunales no podemos pasar por alto la severidad de la rebeldía como sanción. Por esa razón, cualquier duda debe resolverse en contra a la imposición de una sanción tan severa. El TPI erró al anotar y dictar sentencia en rebeldía contra la apelante, sin cumplir con dicho orden de prelación. El foro primario apercibió de la situación a su representación legal y le concedió oportunidad de responder. No obstante, no impuso sanciones contra el abogado, a pesar de su incumplimiento reiterado. El TPI anotó y dictó sentencia en rebeldía contra la apelante, sin notificarle directamente sobre el incumplimiento, apercibirle directamente de sus consecuencias y concederle un término razonable para tomar acción correctiva.

Las razones expresadas por la apelante son la justa causa necesaria para dejar sin efecto la anotación y la sentencia en rebeldía. La apelante alegó que la sentencia en rebeldía era atribuible únicamente a la inacción y negligencia de su abogado. Según la apelante, su abogado nunca le comunicó la rebeldía, no le envió la contestación a la demanda, ni justificó su incumplimiento y tampoco le notificó la sentencia en rebeldía.

El incumplimiento del tribunal con el orden de prelación establecido es justa causa suficiente para dejar sin efecto la anotación y la sentencia en rebeldía. Este tribunal está convencido de que la apelante fue privada de poder presentar sus defensas y reclamar sus derechos en un juicio plenario, a pesar de que no incurrió en culpa alguna.

**IV**

Por los fundamentos expuestos, se revoca la anotación y la sentencia de rebeldía dictada contra la apelante.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones